IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| CAPITAL BANK, NA <br> 2275 Research Boulevard <br> Suite 600 <br> Rockville, MD 20850 <br><br>     Plaintiff, <br><br>     v. <br><br> POTOMAC CONSTRUCTION 1525 P STREET, LLC <br> A District of Columbia limited liability company <br> 1734 20th Street, NW <br> Suite B <br> Washington, DC 20009 <br><br>  Serve: CT Corporation System <br>       1015 15th Street, NW <br>       Suite 1000 <br>       Washington, DC 20005 <br><br>     And <br><br> MATTHEW SHKOR <br> 1738 R Street, NW <br> Washington, DC 20009 <br><br>     Defendants. | Civil Law No.: _____ |

**COMPLAINT FOR CONFESSED JUDGMENT AGAINST POTOMAC DEVELOPMENT 3117 35th STREET, LLC AND MATTHEW SHKOR**

COMES NOW, Plaintiff CAPITAL BANK, NA, and sues POTOMAC CONSTRUCTION 1525 P STREET, LLC and MATTHEW SHKOR for confessed judgment pursuant to Local Rule 108.1 and Maryland law, and states as follows:

1.     Plaintiff CAPITAL BANK, NA ("Capital Bank" or "Plaintiff") is a bank organized as a National Association with its principal offices in the State of Maryland.

1

2. Defendant POTOMAC CONSTRUCTION 1525 P STREET, LLC, ("Potomac Construction") is a limited liability company organized under the laws of the District of Columbia. It is a single asset entity wholly owned by its member Matthew Shkor. The District of Columbia public website identifies its resident agent as CT Corporation System, 1015 15th Street, NW, Suite 1000, Washington, DC 20005, and indicates that the entity is in good standing. Its last known place of business was 1734 20th Street, NW, Suite B, Washington, DC 20009. Defendant POTOMAC CONSTRUCTION has consented to jurisdiction of the United States District Court for the District of Maryland.

3. Defendant MATTHEW SHKOR ("Shkor") is an individual residing in Washington, DC, and he has consented to jurisdiction of the United States District Court for the District of Maryland. Defendant Shkor is not on Active Duty Status in the Uniformed Services as of August 18, 2020, and he has not left active duty within 367 days of August 18, 2020.

4. Jurisdiction is proper because the Plaintiff is a citizen of Maryland, and the Defendants are citizens of the District of Columbia. The amount in controversy exceeds $75,000.00.

5. Venue is proper in this District Court because the Plaintiff is a citizen of Maryland, and the Defendants have consented to this venue.

**COUNT I**
**CONFESSION OF JUDGMENT AGAINST POTOMAC CONSTRUCTION 1525 P STREET, LLC ON THE DEED OF TRUST NOTE DATED DECEMBER 4, 2018**

6. On December 4, 2018, Defendant POTOMAC CONSTRUCTION, by Matthew Shkor, Manager, executed the Deed of Trust Note in the original principal amount of Three Million One Hundred Sixty One Thousand and No/100 ($3,161,000.00) Dollars, together will all

modifications, amendments and extensions thereof (the "Note"). See Exhibit A attached hereto and incorporated by reference.

7. Defendant POTOMAC CONSTRUCTION has defaulted upon the terms of the Note. The nature of that default includes, but may not be limited to, the failure to make payments as and when due.

8. Defendant POTOMAC CONSTRUCTION has consented to the jurisdiction and to acknowledge service of process necessary in such confession in the United States District Court for the District of Maryland.

9. All conditions precedent to the filing of the judgment by confession under the terms of the Note have occurred.

10. A true and correct reproduction of the Note is attached as Exhibit A. In the Note, the Defendant POTOMAC CONSTRUCTION agreed that, upon default, Plaintiff is entitled to appear on behalf of Defendant POTOMAC CONSTRUCTION and confess judgment in favor of the Plaintiff and against Defendant POTOMAC CONSTRUCTION for all sums due on the Note.

11. Plaintiff Capital Bank appointed Lawrence J. Anderson, Esquire as substitute attorney in fact. See Exhibit B.

12. Plaintiff made a written demand for immediate payment of all amounts owing under the Note upon Defendant POTOMAC CONSTRUCTION by letter dated July 28, 2020. See Exhibit C.

13. That Plaintiff is entitled to confess judgment in favor of the Plaintiff and against Defendant POTOMAC CONSTRUCTION calculated as follows:

| | | |
|---|---|---|
| a. | Principal due on the Note: | $ 2,779,961.00 |
| b. | Accrued interest since June 14, 2020 through August 19, 2020 at per diem rate of $482.63: | $ 31,853.58 |
| c. | Default interest since May 29, 2020 through August 19, 2020 at per diem rate of $386.11 | $ 31,661.02 |
| d. | Legal fees and collection costs through August 18, 2020: | $ 3,700.00 |
| e. | Late Fees: | $ 739.23 |
| f. | Collateral release fee | $ 50.00 |
| | Total: | $ 2,847,964.83 |

14. There has been no assignment of the Note.

15. That the judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

16. That no judgment has been entered on the Note in any jurisdiction.

17. Pursuant to the terms of the Note, upon default by Defendant POTOMAC CONSTRUCTION, Plaintiff is entitled and does hereby appear on behalf of Defendant POTOMAC CONSTRUCTION and confess judgment in favor of the Plaintiff and against Defendant POTOMAC CONSTRUCTION for the sum of $ 2,847,964.83 together with pre-judgment and post-judgment interest at the current Note rate of 6.25% and default interest of 5.00% (6.25% + 5.00% = 11.25%), and the costs of suit.

WHEREFORE, Plaintiff CAPITAL BANK, NA respectfully requests that this Honorable Court enter judgment by confession in favor of the Plaintiff and against Defendant POTOMAC

CONSTRUCTION 1525 P STREET, LLC for the sum of $ 2,847,964.83 together with the pre-judgment and post-judgment interest at the current Note default rate of 11.25%, and costs of suit, and for such other and further relief as the cause may require.

**COUNT II**
**CONFESSION OF JUDGMENT AGAINST MATTHEW SHKOR ON THE GUARANTY OF PAYMENT, PERFORMANCE AND COMPLETION AGREEMENT**

18. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully restated herein, and in addition, states the following.

19. On December 4, 2018, Defendant SHKOR executed the Guaranty of Payment, Performance and Completion agreement attached as Exhibit D incorporated by reference (the "Shkor Guaranty Agreement").

20. Defendant SHKOR executed the Shkor Guarantee Agreement in his individual capacity.

21. The Shkor Guaranty Agreement provides that the Defendant SHKOR "unconditionally and absolutely, guarantees: (i) the full and timely payment of all amounts due under the terms of the Note and the other Loan Documents." This Guarantee remains in effect until the Note is paid in full. Guarantor must timely pay all amounts due under the Note. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

22. The Defendant POTOMAC CONSTRUCTION and the Defendant SHKOR have defaulted upon the terms of the Note and the Shkor Guaranty Agreement. The nature of that default includes, but may not be limited to, the failure to make the payments as and when due.

23. Plaintiff made a written demand for immediate payment of all amounts owing under the Note upon Defendant Shkor by letter dated July 28, 2020. See Exhibit C.

24. Defendant SHKOR has failed to make payment pursuant to the written demand for payment of the Note and the Shkor Guaranty Agreement.

25. All conditions precedent to the filing of a judgment by confession under the terms of the Shkor Guaranty Agreement have occurred.

26. In the Shkor Guaranty Agreement, the Defendant SHKOR agreed that, upon default, Plaintiff is entitled to appear on behalf of Defendant SHKOR, and confess judgment in favor of the Plaintiff and against Defendant SHKOR for all sums due on the Note.

27. That Plaintiff is entitled to confess judgment in favor of the Plaintiff and against Defendant SHKOR calculated as follows:

| | | |
|---|---|---|
| a. | Principal due on the Note: | $ 2,779,961.00 |
| b. | Accrued interest since June 14, 2020 through August 19, 2020 at per diem rate of $482.63: | $ 31,853.58 |
| c. | Default interest since May 29, 2020 through August 19, 2020 at per diem rate of $386.11 | $ 31,661.02 |
| d. | Legal fees and collection costs through August 18, 2020: | $ 3,700.00 |
| e. | Late Fees: | $ 739.23 |
| f. | Collateral release fee | $ 50.00 |
| | Total: | $ 2,847,964.83 |

28. There has been no assignment of the Note and the Shkor Guaranty Agreement.

29. That the judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

30. That no judgment has been entered on the Note and the Shkor Guaranty Agreement in any jurisdiction.

31. Pursuant to the terms of the Note and Shkor Guaranty Agreement, upon default by Defendant POTOMAC CONSTRUCTION and SHKOR, Plaintiff is entitled and does hereby appear on behalf of Defendant SHKOR and confess judgment in favor of the Plaintiff and against Defendant SHKOR for the sum of $ 2,847,964.83 together with pre-judgment and post-judgment interest at the current Note default rate of 11.25%, and the costs of suit.

WHEREFORE, Plaintiff CAPITAL BANK, NA respectfully requests that this Honorable Court to enter judgment by confession in favor of the Plaintiff and against Defendant MATTHEW SHKOR for the sum of $ 2,847,964.83 together with the pre-judgment and post-judgment interest at the current Note default rate of 11.25%, and costs of suit, and for such other and further relief as the cause may require.

Respectfully submitted,

/s/ Lawrence J. Anderson
Lawrence J. Anderson, Esquire
#11390
Nealon & Associates, PC
119 N. Henry Street
Alexandria, VA 22314
(703) 684-5755
(703) 684-0153 FAX
landerson@nealon.com

*Counsel for Capital Bank, NA*