

## IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS A CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

## DEED OF TRUST NOTE

$3,161,000.00                                                December *4*, 2018

      FOR VALUE RECEIVED, **Potomac Construction 1525 P Street LLC**, a District of Columbia limited liability company (the "**Borrower**") promises to pay to the order of **CAPITAL BANK, N.A.** (the "**Lender**"), at 2275 Research Blvd, Suite 600, Rockville, MD 20850, or at such other place as the holder hereof may from time to time designate in writing, in lawful money of the United States of America, without defense, offset or counterclaim, the principal sum of Three Million One Hundred Sixty-One Thousand and No/100 Dollars ($3,161,000.00), or so much thereof as may be advanced and outstanding hereunder or under the other Loan Documents (hereinafter defined), including without limitation any Protective Advances (hereinafter defined), together with interest as described below and in accordance with the following terms and provisions:

      1.    <u>Advances</u>. Proceeds of the loan evidenced hereby (the "**Loan**") shall be advanced in accordance with the terms and conditions of that certain Loan Agreement dated of even date herewith by and between the Borrower and Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "**Loan Agreement**"). This Deed of Trust Note (as the same may be amended, restated, renewed, supplemented or substituted from time to time, the "**Note**") evidences the Borrower's obligations under the Loan.

      2.    <u>Interest Rate</u>.

          (a)    Commencing on the date hereof, the unpaid principal balance of this Note outstanding from time to time shall bear interest at the floating rate equal to four percent (4.0%) above LIBOR (hereinafter defined), rounded to the next higher 1/100 of 1.0%. If the LIBOR index shall be discontinued, Lender shall select a comparable substitute index upon which the interest rate shall be based, which selection shall be binding on Borrower.

          (b)    Notwithstanding the above, in no event shall the Note bear interest at a rate below the floor interest rate of six and one-quarter percent (6.25%) per annum at any time after the date hereof.

          (c)    As used herein:

               (i)    "**Business Day**" means any day except a Saturday, Sunday or any other day on which commercial banks in the State of Maryland are authorized or required by law to close.

               (ii)    "**LIBOR**" means the rate per annum determined pursuant to the following formula:

1

$$LIBOR = \frac{Base\ Libor}{100\% - LIBOR\ Reserve\ Percentage}$$

(iii) **"Base LIBOR"** shall mean the U.S. Dollar LIBOR interest rate, two (2) London Business Days prior to the day of the calendar month for which such rate is being determined (the **"Interest Rate Determination Date"**), for one (1) month as published to the market at around 11:45 a.m., London time, and reported by Thomson Reuters on such day or, if such day is not a London Business Day, then the immediately preceding London Business Day (or if not so reported, then as determined by the Lender from another recognized source of interbank quotation).

(iv) **"LIBOR Reserve Percentage"** means the reserve percentage prescribed by the Board of Governors of the Federal Reserve System (or any successor) for "Eurocurrency Liabilities" (as defined in Regulation D of the Federal Reserve Board, as amended), adjusted by Lender for expected changes in such reserve percentage during the term of this Note.

(v) **"London Business Day"** means any day that is a day for trading by and between banks in Dollar deposits in the London interbank market.

(d) Interest shall be calculated using a 360-day year, based upon the actual number of days for which the calculation is being made.

(e) It is not intended hereby to charge interest at a rate in excess of the maximum legal rate of interest permitted to be charged under applicable law, but if, nevertheless, interest in excess of such rate shall be paid, then the rate imposed shall be reduced to such maximum legal rate and if, from any circumstance, Lender shall ever receive as interest an amount which would exceed the highest lawful rate, such amount which would be deemed excessive interest shall be applied to the reduction of the unpaid principal balance hereunder and not to the payment of interest.

3. <u>Payments</u>. Payments of principal and interest shall be due and payable as follows:

(a) Commencing thirty (30) days after the date hereof and continuing on the same day of each month thereafter (the **"Payment Date"**), monthly payments of interest only on the outstanding principal balance hereof shall be due and payable.

(b) If not sooner paid, the entire principal balance of this Note, together with all accrued and unpaid interest, shall be due and payable in full on the Payment Date which is nine (9) months following the date hereof (the **"Maturity Date"**); provided, however, Borrower may elect to extend the Maturity Date (the **"Extension Option"**) for one (1) period of three (3) months (the **"Option Term"**); provided that: (i) Borrower has achieved lien free completion of the Construction in the manner described in the Loan Agreement, , (ii) there is no continuing Event of Default under any of the Loan Documents, (iii) Borrower shall have deposited additional funds into the interest reserve with Lender in an amount sufficient to cover debt service on the Loan for the Option Term, the amount of such interest reserve being subject to Lender's approval in its sole and absolute discretion, (iv) the ratio of the balance then outstanding under the Loan to the

2

"as complete value" of the Property (hereinafter defined) is not greater than sixty-five percent (65.0%) (the "**MLTV**") as determined by Lender in its sole discretion, or if the loan to value ratio does not meet the required MLTV, the Borrower shall have made a principal curtailment under the Loan so as to meet the required MLTV prior to the Maturity Date, (v) there shall have been no material adverse change in Guarantor's financial condition, as determined by Lender in its sole discretion, (vi) the holder of the Subordinate Loan (as defined in the Loan Agreement) shall have extended the maturity date of the Subordinate Loan for a like period of three (3) months, and (vii) Borrower notifies Lender in writing not less than forty-five (45) days (but not more than ninety (90) days) prior to the Maturity Date of Borrower's intention to exercise the Option Term and delivers with such notice, an extension fee equal to .25% of the committed amount of the Loan.

4.    Prepayment. The Borrower may prepay the Note in whole or in part without premium or penalty at any time upon ten (10) days' prior written notice to Lender. Partial prepayments shall be applied to installments of principal in their inverse order of maturity. Amounts prepaid hereunder may not be reborrowed. Borrower acknowledges and agrees that Lender shall have a one-time right of first refusal with respect to Borrower's initial refinance of the Loan.

5.    Application of Payments. All payments of accrued interest and/or principal and interest hereon shall be payable in lawful money of the United States and in immediately available funds. All payments received hereon shall be applied, at Lender's sole discretion: (i) first, to payment of accrued and unpaid interest, if any; (ii) second, to payment of any principal then due, if any; (iii) third to late charges, if any; (iv) fourth, to reasonable attorney's fees and costs of collection; and (v) fifth, to reduce the outstanding principal balance of this Note until such principal shall have been fully repaid. All payments hereunder shall be made without offset, demand, counterclaim, deduction, abatement, defense, or recoupment, each of which Borrower hereby waives.

6.    Loan Documents. This Note is issued pursuant to the Loan Agreement. The performance of the Borrower's obligations hereunder is secured by, among other things: (a) a Credit Line Deed of Trust, Security Agreement and Fixture Filing of even date herewith (as the same may be amended, restated, supplemented or substituted from time to time, the "**Deed of Trust**") from Borrower, to certain trustees named therein, granting a lien on certain property owned by Borrower for the benefit of the Lender and located in Washington, D.C., and more particularly described in the Deed of Trust (the "**Property**"), (b) an Assignment of Leases and Rents of even date herewith made by Borrower for the benefit of Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "**Leases Assignment**"), (c) a Guaranty of Payment, Performance, and Completion of even date herewith made by Matthew Shkor (the "**Guarantor**") (as the same may be amended, restated, supplemented or substituted from time to time, the "**Guaranty**"), and (d) an Environmental Indemnity Agreement of even date herewith made by Borrower and Guarantor for the benefit of Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "**Environmental Indemnity**"). This Note, the Loan Agreement, the Deed of Trust, the Leases Assignment, the Guaranty, the Environmental Indemnity, together with any other document executed or delivered by the Borrower and/or Guarantor in connection with the Loan shall be referred to herein as the "**Loan Documents**".

7.    Default. An Event of Default shall occur hereunder if: (a) the Borrower shall fail to pay any amount as and when due under this Note or any of the Loan Documents and such failure is not cured within five (5) days, or (b) if an Event of Default occurs under any other Loan

3

Documents. Upon the occurrence of an Event of Default hereunder, the entire principal balance hereof, all accrued interest thereon and all other amounts payable hereunder and under the Loan Documents shall become immediately due and payable at the option of the Lender. Any delay by the Lender in exercising or any failure of the Lender to exercise the aforesaid option to accelerate with respect to an Event of Default shall not constitute a waiver of its right to exercise such option with respect to that or any subsequent Event of Default. Acceleration of maturity, once claimed hereunder by the holder hereof may be rescinded, at such holder's option, by written acknowledgment to that effect, but the tender and acceptance of partial payment or partial performance alone shall not in any way affect or rescind such acceleration of maturity. After the occurrence of an Event of Default, and until such Event of Default is cured, interest shall accrue on all amounts outstanding hereunder at five percent (5%) plus the rate of interest then payable hereunder (the "**Default Rate**") from the date of such Event of Default.

8.     <u>Protective Advances</u>. Lender may, but has no obligation to, make such Protective Advances as Lender may deem reasonably necessary or prudent. "**Protective Advances**" shall mean all sums paid by the Lender and/or trustees under the Deed of Trust (or any of the other Loan Documents to protect and/or preserve: (a) the priority, validity and/or enforceability of any of the liens granted to secure the Loan (the "**Liens**") and the instruments evidencing or securing such Liens, and/or (b) the value of, or the security of, any of the collateral (the "**Collateral**") securing the Loan, such advances to include, without limitation, advances with respect to taxes, assessments, water charges, mechanic's  liens, grounds rents, insurance premiums, other payments, liens or matters (including, but not limited to environmental hazards), pertaining, relating to, or affecting the Collateral or the value thereof. All such Protective Advances made by Lender shall be deemed added to the principal balance of the Loan and shall bear interest at the Default Rate.

9.     <u>Late Charge</u>.  The Borrower shall pay to the Lender a late charge equal to five percent (5%) of any amount due hereunder (other than the outstanding principal balance payable on the Maturity Date) that is not received by the Lender within ten (10) days after the date on which such amount (other than the outstanding principal balance payable on the Maturity Date) is due.

10.     **Confession of Judgment**.  **Upon the occurrence of an Event of Default hereunder, Borrower does hereby duly constitute and appoint Leonard A. Sloan, Esq., Thomas F. Murphy, Esq., Lindsay A. Thompson, Esq., or any other attorney employed by Friedlander Misler, PLLC, or the Clerk of the Court, or any of them, as the true and lawful attorney-in-fact for Borrower in its name, place and stead, to confess judgment against Borrower in favor of Lender in the amount of the unpaid principal balance of this Note together with any accrued and unpaid interest, late charges and reasonable attorneys' fees and costs, together with all other costs and expenses incurred or accrued and unpaid under the Loan Documents, to consent to jurisdiction and to acknowledge service of process necessary in such a confession, in such a confession, in the United States District Court for the District of Maryland and/or in the Circuit Court of any county of the State of Maryland or of Montgomery County, Maryland, hereby ratifying and confirming the acts of said attorney-in-fact as if done by the Borrower. The authority and power to appear for and enter judgment against Borrower shall not be exhausted by one or more exercises thereof or by any imperfect exercise thereof, and shall not be extinguished by any judgment entered pursuant thereto; such authority and power may be exercised on one or more occasions from time to time, in the same or different jurisdictions, as often as the Lender shall deem necessary or advisable.**

4

**NOTICE: YOU ARE HEREBY NOTIFIED THAT LENDER MAY APPOINT A SUBSTITUTE ATTORNEY-IN-FACT WHO SHALL BE AUTHORIZED TO CONFESS JUDGMENT IN SUBSTITUTION FOR ANY OF THE FOREGOING NAMED PERSONS, BY RECORDING AN INSTRUMENT OF SUBSTITUTION IN THE APPROPRIATE CLERK'S OFFICE, WITHOUT FURTHER NOTICE TO BORROWER.**

11.     <u>Waiver; Extensions</u>.  Borrower hereby waives presentment, demand, notice of dishonor, protest and all other exemptions provided debtors.  The Borrower agrees that it shall remain liable for the payment hereof notwithstanding any agreement for the extension of the due date of any amount payable hereunder made by the Lender after the maturity thereof.

12.     <u>Collection Costs and Expenses</u>.  The Borrower shall pay all reasonable costs, fees and expenses incurred by the Lender in collecting or attempting to collect any amount that becomes due hereunder or in seeking legal advice with respect to such collection or an Event of Default.

13.     <u>Deposit Relationship/Compensating Balances</u>.  Borrower and Guarantor and/or related parties controlled by Borrower and/or Guarantor (the "**Borrower Group**") shall collectively maintain on deposit with the Lender deposits equal to no less than five percent (5.0%) of the total amount in loans outstanding and committed at Capital Bank, N.A. These deposits are to be held in Money Market and Demand Deposit Accounts maintained with the Lender until such time as the Loan is fully repaid.  This condition will be measured quarterly commencing three (3) months after the date hereof. If this requirement is violated, this shall not constitute a default under the Loan; however, interest shall accrue on all amounts outstanding under the Loan at .25% plus the rate of interest then payable under this Note from the date of the test until such time as the deposit balance requirement is met at the next quarterly test.  Balances maintained with the Lender and used to satisfy compensating balance requirements for other loans from Lender may not be used to meet this requirement.

14.     <u>Notices</u>.  All notices, requests, demands and other communications with respect hereto shall be in writing and shall be delivered by hand, sent prepaid by Federal Express (or a comparable overnight delivery service) or sent by email (with a confirmation copy sent by a reputable overnight delivery service) to the following addresses:

If to the Lender, to:

> CAPITAL BANK, N.A.
> 2275 Research Blvd, Suite 600
> Rockville, MD 20850
> Attn:   Misha Panyutin, Vice President
> Email: mpanyutin@capitalbankmd.com

with a copy to:

> Friedlander Misler, PLLC
> 5335 Wisconsin Avenue, NW, Suite 600
> Washington, DC  20015
> Attn:   Roger N. Simon, Esq.
> Email: rsimon@dclawfirm.com

If to the Borrower, to:

5

Potomac Construction 1525 P Street LLC
c/o Potomac Construction Group
1734 20th Street, N.W.,
Washington DC, 20009
Attn:    Matthew Shkor
Email:  matt.shkor@pcgofdc.com

with a copy to:

Potomac Law Group, PLLC
1300 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
Attn: Reed P. Sexter, Esq.
Email:  reeds@potomaclaw.com

Any notice, request, demand or other communication delivered or sent in the manner aforesaid shall be deemed given or made (as the case may be) upon the earliest of (a) the date it is actually received, (b) on the business day after the day on which it is delivered by hand, (c) on the business day after the day on which it is properly delivered by Federal Express (or a comparable overnight delivery service), or (d) on the third (3rd) business day after the day on which it is deposited in the United States mail, certified mail, return receipt requested. Any party may change such party's address by notifying the other parties of the new address in any manner permitted by this paragraph.

15.    Severability. If any provision of this Note, or the application thereof to any person or circumstance, shall to any extent be invalid or unenforceable, the remainder of the provisions of this Note, or the application of such provision to other persons or circumstances, shall not be affected thereby, and each provision of this Note shall be valid and enforceable to the fullest extent permitted by law.

16.    Successors and Assigns. This Note shall be binding upon and inure to the benefit of the Borrower and the Lender and their respective successors and assigns; provided, however, that the Borrower may not assign or delegate its obligations hereunder without the prior written consent of the Lender.

17.    Payments. All payments due hereunder shall be made in immediately available funds.

18.    **Waiver of Jury Trial.** Borrower and Lender each irrevocably waives, to the maximum extent not prohibited by law, any right Borrower or Lender (as applicable) may now or hereafter have to a trial by jury with respect to any litigation directly or indirectly arising out of or in connection with this Note or any of the Loan Documents.

19.    **No Waiver of Performance.** The failure or delay of the Lender to require performance by the Borrower of any provision of this Note or any other Loan Document shall not affect its right to require performance of such provision in the future. No waiver of performance by Lender shall be effective against Lender unless and until such performance has been waived in writing by the Lender in accordance with the terms hereof.

6

20.     Offset. If an Event of Default occurs under this Note or an Event of Default occurs under any other Loan Document, and such Event of Default is not cured within any applicable notice and/or grace period, then the Lender shall have the right to offset any amounts due hereunder against any deposit account, including without limitation, any control account, now or hereafter maintained with the Lender by the Borrower.

21.     Governing Law; Amendment. This Note shall be governed by and construed in accordance with the laws of the State of Maryland, without reference to conflict of laws principles. This Note may not be changed orally, but only by an agreement in writing signed by the parties against whom enforcement of any waiver, change, modification or discharge is sought.

22.     Business Purpose. Borrower hereby represents and warrants to Lender that the loan evidenced hereby was made and transacted solely for the purpose of carrying on a business or an investment in real estate.

23.     Consent to Jurisdiction. Borrower and Lender each irrevocably submits to jurisdiction of any state or federal court sitting in the State of Maryland or the District of Columbia over any suit, action, or proceeding arising out of or relating to this Note or any other Loan Documents. Borrower and Lender each irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such suit, action or proceeding brought in any such court and any claim that any such suit, action, or proceeding brought in any such court has been brought in an inconvenient forum. Final judgment in any such court shall be conclusive and binding and may be enforced in any court in which the Borrower is subject to jurisdiction by a suit upon such judgment provided that service of process is effected as provided herein or as otherwise permitted by applicable laws.

24.     Sealed Instrument. This Deed of Trust Note is executed under seal and is intended to be a sealed instrument.

[signature pages follow]

7

IN WITNESS WHEREOF, the Borrower has executed this Deed of Trust Note under seal as of the day and year first above written.

**WITNESS:**

**BORROWER:**

**Potomac Construction 1525 P Street LLC**, a
District of Columbia limited liability company

Print Name: Jeanette Kelly

By: _____ [SEAL]
Print Name: Matthew Shkor
Print Title:  Manager

STATE OF District of Columbia
                                                    ) ss:
COUNTY OF                              )

I, Camille C. Latini _____, a Notary Public in and for the aforesaid jurisdiction, do hereby certify that Matthew Shkor personally appeared before me in said jurisdiction and acknowledged that he is the Manager of Potomac Construction 1525 P Street LLC, a District of Columbia limited liability company; party to the foregoing instrument and that the same is his act and deed and the act and deed of Potomac Construction 1525 P Street LLC.

IN WITNESS WHEREOF, I have set my hand and Notarial Seal, this 4th day of Dec. , 2018.

_____
Notary Public

(SEAL)

My Commission expires:
2 . 14 . 22

## MODIFICATION OF NOTE

THIS MODIFICATION OF NOTE, (hereinafter referred to as the "Modification") effective in all respects as of the 4th day of September, 2019 by and between POTOMAC CONSTRUCTION 1525 P STREET LLC (the "Borrower") and CAPITAL BANK, N.A., a national banking association, (the "Lender"), having its principal office at 2275 Research Blvd., Suite 600, Rockville, MD 20850, which designations shall include the respective successors and assigns and successors in interest of the parties hereto,

### WITNESSETH:

WHEREAS, Lender is the holder of a certain Promissory Note dated December 4, 2018 in the original principal amount of Three Million One Hundred Sixty One and 00/100 DOLLARS ($3,161,000.00), together with any amendment, modification or extension thereto (the "Note"); and

WHEREAS, the Borrower and the Lender mutually desire to modify the Note as hereinafter described.

NOW, THEREFORE, in consideration of the premises, the sum of One Dollar ($1.00) in hand paid, receipt of which is hereby acknowledged, and other good and valuable consideration, the parties hereto agree as follows:

1.     The Note is hereby amended as follows:
   a) The maturity date is extended to November 4, 2019.

2.     Except as expressly modified herein, all of the provisions of the Note shall remain in full force and effect. This Agreement shall in no way operate as a novation, release or discharge of any of the provisions of the Note (except as amended herein), or any indebtedness thereby evidenced.

NOTHING HEREIN CONTAINED shall in anyway impair the Note or the security now held for said indebtedness, or alter, waive, annul, vary or affect any provision, condition, or covenant, nor affect or impair any rights, powers or remedies, under the Note it being the intent of the parties hereto that the terms and provisions of the Note shall continue in full force and effect except as modified hereby.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed in their respective names all as of the date hereinabove first written.

BORROWER(S):
POTOMAC CONSTRUCTION 1525 P STREET LLC

By: _____      10-16-2019
    Matthew Shkor, Manager               Date

GUARANTOR(S):

By: _____      10-16-2019
    Matthew Shkor, Individually           Date



## IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS A CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

## LOAN MODIFICATION AGREEMENT

THIS LOAN MODIFICATION AGREEMENT (this "Agreement") is entered into as of December 19, 2019 (the "Effective Date") by and among: (i) Potomac Construction 1525 P Street LLC, a District of Columbia limited liability company (the "Borrower"), (ii) MATTHEW SHKOR (the "Guarantor") and (iii) CAPITAL BANK, N.A. (the "Lender"), as follows:

## RECITALS:

A.      On or about December 4, 2018 (the "Original Loan Date"), the Lender made a loan (the "Loan") to Borrower in the original principal amount of Three Million One Hundred Sixty-One Thousand and No/100 Dollars ($3,161,000.00), as evidenced by a certain Deed of Trust Note dated as of the Original Loan Date and made payable by Borrower to the order of Lender in the principal amount of Three Million One Hundred Sixty-One Thousand and No/100 Dollars ($3,161,000.00), as amended (collectively, the "Original Note" and as modified hereby and as the same may be further modified, supplemented, restated or replaced from time to time, the "Note"). The Loan is governed by that certain Loan Agreement dated as of the Original Loan Date made by and between Borrower and Lender(the "Original Loan Agreement" and as modified hereby and as the same may be further modified, supplemented, restated or replaced from time to time, the "Loan Agreement").

B.      The Note is secured by, among other things, that certain (a) Credit Line Deed of Trust and Security Agreement dated the Original Loan Date and made by Borrower for the benefit of the Lender and recorded among the Land Records of the District of Columbia (as the same may be further amended, restated, supplemented or substituted from time to time, the "Deed of Trust"), encumbering certain property owned by Borrower and located in the District of Columbia, and more particularly described on Exhibit A thereto (the "Property"), (b)Assignment of Leases and Rents dated the Original Loan Date made by Borrower for the benefit of Lender and recorded among the Land Records of the District of Columbia (as the same may be further amended, restated, supplemented or substituted from time to time, the "Leases Assignment"), (c) Guaranty of Payment, Performance and Completion dated the Original Loan Date made by Guarantor for the benefit of the Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "Guaranty"), (d) Environmental Indemnity Agreement dated the Original Loan Date made by Borrower and Guarantor for the benefit of Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "Environmental Indemnity"), (e) Collateral Assignment of Plans, Specification and Permits made by Borrower for the benefit of the Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "Plans Assignment"), and (f) Assignment of Declarant Rights made by Borrower for the benefit of the Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "Declarant Rights Assignment").

C.      The obligations under the Note and the other Loan Documents (hereinafter defined) are hereinafter collectively called the "Obligations", and the Note, the Deed of Trust, the

1

Leases Assignment, the Guaranty, the Environmental Indemnity, the Plans Assignment, the Declarant Rights Assignment, and any other document previously, simultaneously or hereafter executed and delivered in connection with the Obligations or to evidence, secure or guarantee the Obligations, as the same may from time to time be renewed, extended, amended, supplemented or restated, are hereinafter collectively called the "Loan Documents"; and all liens, security interests, assignments, superior titles, rights, remedies, powers, equities and priorities securing the Note or providing recourse to Lender with respect thereto are hereinafter collectively called the "Liens".

D.　　At the request of Borrower, and with the consent of Guarantor, Lender has agreed to modify the Loan on the terms and conditions set forth herein.

E.　　Guarantor desires to join this Agreement to acknowledge Guarantor's consent hereto and to reaffirm Guarantor's respective obligations under the Loan Documents executed by Guarantor, as applicable.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower, Guarantor and Lender hereby amend the terms and conditions of the Loan Documents as more specifically set forth below.

1.　　**Recitals.** The recitals and defined terms set forth above are a material part of this Agreement and are incorporated herein as if fully set forth in this Section 1. Borrower and Guarantor acknowledge and affirm the accuracy of the recitals set forth above.

2.　　**Maturity Date.** The maturity date of the Loan is hereby extended to April 4, 2020 (the "Maturity Date") at which time the entire unpaid balance of the Note, together with all accrued and unpaid interest thereon, and all other obligations of Borrower under the Loan Documents, shall be due and payable in full.

3.　　**Modification Fee.** Simultaneously with the execution hereof and as a condition hereto, Borrower shall pay to Lender a Loan Modification fee in the amount equal to .25% of the committed amount of the Loan.

4.　　**Past Due Real Estate Taxes.** Simultaneously with the execution hereof and as a condition hereto, Borrower shall provide Lender with evidence that all past due real estate taxes for the Property have been paid in full.

5.　　**Reaffirmation by Guarantor.** By its signature hereinbelow, Guarantor does hereby consent to the changes to the Loan Documents set forth herein and does hereby reaffirm the terms of the Guaranty and the Environmental Indemnity, as modified hereby, and the obligations thereunder.

6.　　**Confession of Judgment.** Borrower and Guarantor reaffirm the confession of judgment provisions set forth in the Loan Documents, which provisions are restated hereinbelow.

(a)　　"**Confession of Judgment; Borrower.** Upon the occurrence of an Event of Default hereunder, Borrower does hereby duly constitute and appoint Leonard A. Sloan, Esq., Thomas F. Murphy, Esq., Lindsay A. Thompson, Esq., or any other attorney employed by Friedlander Misler, PLLC, or the Clerk of the Court, or any of them, as the true and lawful attorney-in-fact for Borrower in its name, place and stead, to confess judgment against

2

Borrower in favor of Lender in the amount of the unpaid principal balance of this Note together with any accrued and unpaid interest, late charges and reasonable attorneys' fees and costs, together with all other costs and expenses incurred or accrued and unpaid under the Loan Documents, to consent to jurisdiction and to acknowledge service of process necessary in such a confession, in such a confession, in the United States District Court for the District of Maryland and/or in the Circuit Court of any county of the State of Maryland or of Montgomery County, Maryland, hereby ratifying and confirming the acts of said attorney-in-fact as if done by the Borrower. The authority and power to appear for and enter judgment against Borrower shall not be exhausted by one or more exercises thereof or by any imperfect exercise thereof, and shall not be extinguished by any judgment entered pursuant thereto; such authority and power may be exercised on one or more occasions from time to time, in the same or different jurisdictions, as often as the Lender shall deem necessary or advisable..

NOTICE: YOU ARE HEREBY NOTIFIED THAT THE LENDER MAY APPOINT A SUBSTITUTE ATTORNEY-IN-FACT WHO SHALL BE AUTHORIZED TO CONFESS JUDGMENT IN SUBSTITUTION FOR ANY OF THE FOREGOING NAMED PERSONS, BY RECORDING AN INSTRUMENT OF SUBSTITUTION IN THE APPROPRIATE CLERK'S OFFICE, WITHOUT FURTHER NOTICE TO THE BORROWER.

(b)     "Confession of Judgment; Guarantor. Upon the occurrence of a default hereunder, Guarantor does hereby duly constitute and appoint Leonard A. Sloan, Esq., Thomas F. Murphy, Esq., Lindsay A. Thompson, Esq., or the Clerk of the Court, or any of them, as the true and lawful attorney-in-fact for Guarantor in its name, place and stead, to confess judgment against Guarantor, in favor of Lender in the amount of the unpaid principal balance of the Note together with any accrued and unpaid interest and late charges and attorneys' fees and and reasonable attorneys' fees and costs, together with all other costs and expenses incurred or accrued and unpaid under the Loan Documents, to consent to jurisdiction and to acknowledge service of process necessary in such a confession, in such a confession, in the United States District Court for the District of Maryland and/or in the Circuit Court of any county of the State of Maryland or of Montgomery County, Maryland, to consent to jurisdiction and to acknowledge service of process necessary in such a confession, in the Circuit Court of Montgomery County, Maryland hereby ratifying and confirming the acts of said attorney-in-fact as if done by Guarantor. The authority and power to appear for and enter judgment against Guarantor shall not be exhausted by one or more exercises thereof or by any imperfect exercise thereof, and shall not be extinguished by any judgment entered pursuant thereto; such authority and power may be exercised on one or more occasions from time to time, in the same or different jurisdictions, as often as the Lender shall deem necessary or advisable.

NOTICE: YOU ARE HEREBY NOTIFIED THAT THE LENDER MAY APPOINT A SUBSTITUTE ATTORNEY-IN-FACT WHO SHALL BE AUTHORIZED TO CONFESS JUDGMENT IN SUBSTITUTION FOR ANY OF THE FOREGOING NAMED PERSONS, BY RECORDING AN INSTRUMENT OF SUBSTITUTION IN THE APPROPRIATE CLERK'S OFFICE, WITHOUT FURTHER NOTICE TO THE GUARANTOR.

7.     **Borrower's Representations and Warranties.** Borrower hereby reaffirms that all of its representations and warranties set forth in the Loan Documents are true and correct in all material respects on and as of the date hereof as if such representations and warranties had been made on and as of the date hereof (except to the extent that any such representations and

3

warranties specifically relate to an earlier date), and further represents and warrants that: (a) the execution and delivery of this Agreement does not contravene, result in a breach of, or constitute a default under, any deed of trust, loan agreement, indenture or other contract or agreement to which Borrower is a party or by which Borrower or any of its properties may be bound (nor would such execution and delivery constitute such a default with the passage of time or the giving of notice or both), and does not, to Borrower's actual knowledge, violate or contravene any law, order, decree, rule, regulation or restriction to which Borrower is subject; (b) this Agreement constitutes the legal, valid and binding obligation of Borrower enforceable in accordance with its terms; (c) the execution and delivery of, and performance under, this Agreement are within Borrower's power and authority without the joinder or consent of any other party and have been duly authorized by all requisite limited liability company action; and, (d) to Borrower's knowledge, there are no offsets, claims or defenses with respect to Borrower's obligations under any of the Loan Documents. Borrower further represents and warrants that there is no suit, judicial or administrative action, claim, investigation, inquiry, proceeding or demand pending (or, to Borrower's knowledge threatened) (i) against Borrower or (ii) which affects the validity, enforceability or priority of any of the Loan Documents. Borrower agrees to indemnify and hold the Lender harmless against any loss, claim, damage, liability or expense (including, without limitation, reasonable attorneys' fees actually incurred by outside counsel) incurred as a result of any representation or warranty when made by Borrower herein which proves to be untrue or inaccurate in any material respect, and any such occurrence shall constitute an Event of Default under the Loan Documents, subject to any applicable notice and cure periods in the Loan Documents.

**8. <u>Guarantor's Representations and Warranties</u>.** Guarantor hereby reaffirms, on behalf of itself, that all of its representations and warranties set forth in the Loan Documents are true and correct in all material respects on and as of the date hereof as if such representations and warranties had been made on and as of the date hereof (except to the extent that any such representations and warranties specifically relate to an earlier date), and further represents and warrants that: (a) its execution and delivery of this Agreement does not contravene, result in a breach of, or constitute a default under, any deed of trust, loan agreement, indenture or other contract or agreement to which such Guarantor is a party or by which such Guarantor may be bound (nor would such execution and delivery constitute such a default with the passage of time or the giving of notice or both), and does not, to such Guarantor's actual knowledge, violate or contravene any law, order, decree, rule, regulation or restriction to which such Guarantor is subject; (b) this Agreement constitutes the legal, valid and binding obligation of such Guarantor enforceable in accordance with its terms; (c) the execution and delivery of, and performance under, this Agreement are within such Guarantor's power and authority without the joinder or consent of any other party and have been duly authorized by all requisite limited liability company action; and, (d) to such Guarantor's knowledge, there are no offsets, claims or defenses with respect to such Guarantor's obligations under any of the Loan Documents. Guarantor further represents and warrants that there is no suit, judicial or administrative action, claim, investigation, inquiry, proceeding or demand pending (or, to Guarantor's knowledge threatened) (i) against such Guarantor with respect to the Property or (ii) which affects the validity, enforceability or priority of any of the Loan Documents. Guarantor agrees to indemnify and hold the Lender harmless against any loss, claim, damage, liability or expense (including, without limitation, reasonable attorneys' fees actually incurred by outside counsel) incurred as a result of any representation or warranty made by such Guarantor herein which proves to be untrue or inaccurate in any material respect, and any such occurrence shall constitute an Event of Default under the Loan Documents, subject to any applicable notice and cure periods in the Loan Documents.

4

**9.     Release of Lender.** Borrower and Guarantor hereby release and discharge the Lender and its respective predecessors, successors, assigns, officers, managers, directors, shareholders, employees, agents, attorneys, authorized representatives, parent corporations, subsidiaries, and affiliates (all of the above are collectively referred to in this Section as a "Released Party") from any and all claims, counterclaims, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action of any nature whatsoever including, without limitation, all claims, demands, and causes of action for contribution and indemnity, whether arising at law or in equity (including, without limitation, claims of duress, usury and violation of any consumer protection or truth-in-lending laws or regulations such as the Equal Credit Opportunity Act), whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, and whether or not heretofore asserted, for or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damage, or breach of contract done, omitted or suffered to be done by any Released Party (insofar and only insofar as the same arise out of or relate to the Loan and/or the Loan Documents), which has occurred in whole or in part, or was initiated at any time up to and immediately preceding the moment of the execution of this Agreement.

**10.     Renewal; Lien Continuation; No Novation.** Borrower and Guarantor hereby renew their respective Obligations under the Loan Documents to which each is a signatory and promises to pay and perform the Obligations under the Loan Documents to which each is a signatory as modified by this Agreement. All of the Liens are hereby ratified and confirmed as valid, subsisting and continuing to secure the Obligations, as modified hereby. Nothing herein shall in any manner diminish, impair, waive or extinguish the Note, the Obligations or the Liens, nor shall this Agreement constitute a waiver by Lender of any existing or future default under the Loan, nor of any right, recourse or remedy under any of the Loan Documents. The execution and delivery of this Agreement shall not constitute a novation of the debt evidenced and secured by the Loan Documents.

**11.     Expenses.** Borrower promises to pay all actual costs and reasonable expenses and reimburse the Lender for any and all actual costs and reasonable expenses incurred or expended from time to time, regardless of whether a default shall have occurred, in connection with the transactions contemplated by this Agreement and all other Loan Documents. If and to the extent Borrower does not reimburse the Lender for such fees and expenses, then all such amounts shall constitute a portion of the Obligations evidenced by the Note and secured by the Loan Documents.

**12.     WAIVER OF JURY TRIAL.** TO THE FULLEST EXTENT PERMITTED BY LAW, LENDER, BORROWER AND GUARANTOR KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHTS THEY MAY HAVE TO A TRIAL BY JURY BASED ON, ARISING OUT OF OR UNDER, OR IN CONNECTION WITH THIS AGREEMENT OR ANY OTHER LOAN DOCUMENT.

**13.     No Waiver of Performance.** The failure or delay of the Lender to require performance by Borrower of any provision of this Agreement or any other Loan Document shall not affect its right to require performance of such provision in the future. No waiver of performance by Lender shall be effective against Lender unless and until such performance has been waived in writing by the Lender in accordance with the terms hereof.

5

**14. Miscellaneous.** To the extent of any conflict between the other Loan Documents and this Agreement, this Agreement shall control. Unless specifically modified hereby, all terms of the Loan Documents remain in full force and effect. This Agreement: (a) shall bind and benefit the parties hereto and their respective beneficiaries, administrators, executors, receivers, trustees, successors and assigns; and (b) may be executed in several counterparts, and by the parties hereto on separate counterparts, and each counterpart, when executed and delivered, shall constitute an original agreement enforceable against all who signed it without production of or accounting for any other counterpart, and all separate counterparts shall constitute the same agreement.

**15. Governing Law.** This Agreement and any claim, controversy or dispute arising under or related to this Agreement shall be governed by and construed in accordance with the laws of the State of Maryland, without reference to conflicts of law principles.

**16. Consent to Jurisdiction.** Borrower and Guarantor irrevocably submit to jurisdiction of any state or federal court sitting in the State of Maryland over any suit, action, or proceeding arising out of or relating to this Agreement or any other Loan Documents. Borrower and each Guarantor irrevocably waive, to the fullest extent permitted by law, any objection that such party may now or hereafter have to the venue of any such suit, action or proceeding brought in any such court and any claim that any such suit, action, or proceeding brought in any such court has been brought in an inconvenient forum. Final judgment in any such court shall be conclusive and binding and may be enforced in any court in which such party is subject to jurisdiction by a suit upon such judgment provided that service of process is effected as provided herein or as otherwise permitted by applicable laws.

### [SIGNATURES ON FOLLOWING PAGES]

6

**WITNESS:**

Matthew Shkor

Print Name:

**GUARANTOR:**

[signature] [SEAL]

MATTHEW SHKOR

STATE OF ~~District of Columbia~~ )
                                   ) ss:
COUNTY OF                          )

I, Jeanette K. Kelly , a Notary Public in and for the aforesaid jurisdiction, do hereby certify that MATTHEW SHKOR, personally appeared before me in said jurisdiction and acknowledged that she is a party to the foregoing instrument; and that the foregoing instrument is his/her act and deed in his/her individual capacity.

IN WITNESS WHEREOF, I have set my hand and Notarial Seal, this 16th day of December , 2019.

[signature]
Notary Public

My Commission expires:
5/3/2023

(SEAL)

[Notary seal: JEANETTE K. KELLY / NOTARY PUBLIC / MY COMMISSION EXPIRES / 5/31/2023 / DISTRICT OF COLUMBIA]

8

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed in their respective names by duly authorized representatives as of the day and year first hereinabove written.

**WITNESS:**

**BORROWER:**

**Potomac Construction 1525 P Street LLC, a District of Columbia limited liability company**

Print Name: _Matthew Shkor_

By: _____ [SEAL]
Print Name: Matthew Shkor
Print Title: Manager

~~STATE OF~~ District of Columbia )
                                   ) ss:
~~COUNTY OF~~                      )

I, _Jeanette K Kelly_, a Notary Public in and for the aforesaid jurisdiction, do hereby certify that Matthew Shkor personally appeared before me in said jurisdiction and acknowledged that he is the Manager of Potomac Construction 1525 P Street LLC, a District of Columbia limited liability company; party to the foregoing instrument and that the same is his act and deed and the act and deed of Potomac Construction 1525 P Street LLC.

IN WITNESS WHEREOF, I have set my hand and Notarial Seal, this _16th_ day of _December_, 2019.

Notary Public

**(SEAL)**

My Commission expires:
_5/21/2023_

7



<u>**IMPORTANT NOTICE**</u>

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS A CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

<u>**THIRD LOAN MODIFICATION AGREEMENT**</u>

THIS THIRD LOAN MODIFICATION AGREEMENT (this "**Agreement**") is entered into as of June _9_, 2020 (the "**Effective Date**") by and among: (i) <u>**POTOMAC CONSTRUCTION 1525 P STREET LLC**</u>, a District of Columbia limited liability company (the "**Borrower**"), (ii) <u>**MATTHEW SHKOR**</u> (the "**Guarantor**") and (iii) <u>**CAPITAL BANK, N.A.**</u> (the "**Lender**"), as follows:

<u>**RECITALS:**</u>

A.     On or about December 4, 2018 (the "**Original Loan Date**"), the Lender made a loan (the "**Loan**") to Borrower in the original principal amount of Three Million One Hundred Sixty-One Thousand and No/100 Dollars ($3,161,000.00), as evidenced by a certain Deed of Trust Note dated as of the Original Loan Date and made payable by Borrower to the order of Lender in the principal amount of Three Million One Hundred Sixty-One Thousand and No/100 Dollars ($3,161,000.00), as amended by that certain Note Modification Agreement dated as of September 4, 2019 and as further amended by that certain Loan Modification Agreement dated as of December 2019 (collectively, the "**Original Note**" and as modified hereby and as the same may be further modified, supplemented, restated or replaced from time to time, the "**Note**"). The Loan is governed by that certain Loan Agreement dated as of the Original Loan Date made by and between Borrower and Lender, as amended by that certain Loan Modification Agreement dated as of December 2019 (collectively, the "**Original Loan Agreement**" and as modified hereby and as the same may be further modified, supplemented, restated or replaced from time to time, the "**Loan Agreement**").

B.     The Note is secured by, among other things, that certain (a) Credit Line Deed of Trust and Security Agreement dated the Original Loan Date and made by Borrower for the benefit of the Lender and recorded among the Land Records of the District of Columbia (as the same may be further amended, restated, supplemented or substituted from time to time, the "**Deed of Trust**"), encumbering certain property owned by Borrower and located in the District of Columbia, and more particularly described on Exhibit A thereto (the "**Property**"), (b) Assignment of Leases and Rents dated the Original Loan Date made by Borrower for the benefit of Lender and recorded among the Land Records of the District of Columbia (as the same may be further amended, restated, supplemented or substituted from time to time, the "**Leases Assignment**"), (c) Guaranty of Payment, Performance and Completion dated the Original Loan Date made by Guarantor for the benefit of the Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "**Guaranty**"), (d) Environmental Indemnity Agreement dated the Original Loan Date made by Borrower and Guarantor for the benefit of Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "**Environmental Indemnity**"), (e) Collateral Assignment of Plans, Specification and Permits made by Borrower for the benefit of the Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "**Plans Assignment**"), (f) Assignment of Declarant Rights made by Borrower for the benefit of the Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "**Declarant Rights Assignment**"), and (g) Pledge and Security

1

Agreement date of even date herewith from Guarantor in favor of Lender (as the same may be amended, restated, supplemented or substituted from time to time, the "**Pledge Agreement**").

      C.    The obligations under the Note and the other Loan Documents (hereinafter defined) are hereinafter collectively called the "**Obligations**", and the Note, the Deed of Trust, the Leases Assignment, the Guaranty, the Environmental Indemnity, the Plans Assignment, the Declarant Rights Assignment, the Pledge Agreement, and any other document previously, simultaneously or hereafter executed and delivered in connection with the Obligations or to evidence, secure or guarantee the Obligations, as the same may from time to time be renewed, extended, amended, supplemented or restated, are hereinafter collectively called the "**Loan Documents**"; and all liens, security interests, assignments, superior titles, rights, remedies, powers, equities and priorities securing the Note or providing recourse to Lender with respect thereto are hereinafter collectively called the "**Liens**".

      D.    At the request of Borrower, and with the consent of Guarantor, Lender has agreed to modify the Loan on the terms and conditions set forth herein.

      E.    Guarantor desires to join this Agreement to acknowledge Guarantor's consent hereto and to reaffirm Guarantor's respective obligations under the Loan Documents executed by Guarantor, as applicable.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower, Guarantor and Lender hereby amend the terms and conditions of the Loan Documents as more specifically set forth below.

      **1.**    **Recitals**. The recitals and defined terms set forth above are a material part of this Agreement and are incorporated herein as if fully set forth in this Section 1. Borrower and Guarantor acknowledge and affirm the accuracy of the recitals set forth above.

      **2.**    **Maturity Date**. The maturity date of the Loan is hereby extended to July 4, 2020 (the "**Maturity Date**") at which time the entire unpaid balance of the Note, together with all accrued and unpaid interest thereon, and all other obligations of Borrower under the Loan Documents, shall be due and payable in full.

      **3.**    **Interest Rate**. Commencing effective as of date hereof, the Loan shall bear interest at the Default Rate (as defined in the Note). If Borrower provides to Lender a formal written plan (the "**Plan**") on or before July 4, 2020 that is acceptable to Lender in its sole and absolute discretion that sets forth Borrower's plan to bring the Loan current, to pay all present and past due real estate taxes, and to complete the Project in accordance with the terms of the Loan Agreement, then the interest rate will revert retroactively to the contract rate of interest set forth in the Note.

      **4.**    **Past Due Interest**. Simultaneously with the execution hereof and as a condition hereto, Borrower shall pay to Lender all past due interest and late fees in connection with the Loan.

      **5.**    **Past Due Real Estate Taxes**. Simultaneously with the execution hereof and as a condition hereto, Borrower shall provide Lender with evidence that all past due real estate taxes for the Property have been paid in full.

2

6. **Pledge Agreement**. Simultaneously with the execution hereof and as a condition hereto, Borrower and Guarantor shall provide Lender with a fully executed copy of the Pledge Agreement and evidence that such pledge is a first priority security interest in the collateral described therein.

7. **Future Advances**. Borrower shall not be entitled to any further advances of proceeds of the Loan pursuant to the Loan Agreement, regardless if such amounts have not been disbursed.

8. **Modification Fee**. Simultaneously with the execution hereof and as a condition hereto, Borrower shall pay to Lender a Loan Modification fee in the amount equal to .25% of the committed amount of the Loan.

9. **Reaffirmation by Guarantor**. By its signature hereinbelow, Guarantor does hereby consent to the changes to the Loan Documents set forth herein and does hereby reaffirm the terms of the Guaranty and the Environmental Indemnity, as modified hereby, and the obligations thereunder.

10. **Confession of Judgment**. Borrower and Guarantor reaffirm the confession of judgment provisions set forth in the Loan Documents, which provisions are restated hereinbelow.

**(a)** "**Confession of Judgment; Borrower**. Upon the occurrence of an Event of Default hereunder, Borrower does hereby duly constitute and appoint Leonard A. Sloan, Esq., Thomas F. Murphy, Esq., Lindsay A. Thompson, Esq., or any other attorney employed by Friedlander Misler, PLLC, or the Clerk of the Court, or any of them, as the true and lawful attorney-in-fact for Borrower in its name, place and stead, to confess judgment against Borrower in favor of Lender in the amount of the unpaid principal balance of this Note together with any accrued and unpaid interest, late charges and reasonable attorneys' fees and costs, together with all other costs and expenses incurred or accrued and unpaid under the Loan Documents, to consent to jurisdiction and to acknowledge service of process necessary in such a confession, in such a confession, in the United States District Court for the District of Maryland and/or in the Circuit Court of any county of the State of Maryland or of Montgomery County, Maryland, hereby ratifying and confirming the acts of said attorney-in-fact as if done by the Borrower. The authority and power to appear for and enter judgment against Borrower shall not be exhausted by one or more exercises thereof or by any imperfect exercise thereof, and shall not be extinguished by any judgment entered pursuant thereto; such authority and power may be exercised on one or more occasions from time to time, in the same or different jurisdictions, as often as the Lender shall deem necessary or advisable..

NOTICE: YOU ARE HEREBY NOTIFIED THAT THE LENDER MAY APPOINT A SUBSTITUTE ATTORNEY-IN-FACT WHO SHALL BE AUTHORIZED TO CONFESS JUDGMENT IN SUBSTITUTION FOR ANY OF THE FOREGOING NAMED PERSONS, BY RECORDING AN INSTRUMENT OF SUBSTITUTION IN THE APPROPRIATE CLERK'S OFFICE, WITHOUT FURTHER NOTICE TO THE BORROWER.

**(b)** "**Confession of Judgment; Guarantor**. Upon the occurrence of a default hereunder, Guarantor does hereby duly constitute and appoint Leonard A. Sloan, Esq., Thomas F. Murphy, Esq., Lindsay A. Thompson, Esq., or the Clerk of the Court, or any of them, as the true and lawful attorney-in-fact for Guarantor in its name, place and

3

stead, to confess judgment against Guarantor, in favor of Lender in the amount of the unpaid principal balance of the Note together with any accrued and unpaid interest and late charges and attorneys' fees and and reasonable attorneys' fees and costs, together with all other costs and expenses incurred or accrued and unpaid under the Loan Documents, to consent to jurisdiction and to acknowledge service of process necessary in such a confession, in such a confession, in the United States District Court for the District of Maryland and/or in the Circuit Court of any county of the State of Maryland or of Montgomery County, Maryland, to consent to jurisdiction and to acknowledge service of process necessary in such a confession, in the Circuit Court of Montgomery County, Maryland hereby ratifying and confirming the acts of said attorney-in-fact as if done by Guarantor. The authority and power to appear for and enter judgment against Guarantor shall not be exhausted by one or more exercises thereof or by any imperfect exercise thereof, and shall not be extinguished by any judgment entered pursuant thereto; such authority and power may be exercised on one or more occasions from time to time, in the same or different jurisdictions, as often as the Lender shall deem necessary or advisable.

NOTICE: YOU ARE HEREBY NOTIFIED THAT THE LENDER MAY APPOINT A SUBSTITUTE ATTORNEY-IN-FACT WHO SHALL BE AUTHORIZED TO CONFESS JUDGMENT IN SUBSTITUTION FOR ANY OF THE FOREGOING NAMED PERSONS, BY RECORDING AN INSTRUMENT OF SUBSTITUTION IN THE APPROPRIATE CLERK'S OFFICE, WITHOUT FURTHER NOTICE TO THE GUARANTOR.

11. **Borrower's Representations and Warranties**. Borrower hereby reaffirms that all of its representations and warranties set forth in the Loan Documents are true and correct in all material respects on and as of the date hereof as if such representations and warranties had been made on and as of the date hereof (except to the extent that any such representations and warranties specifically relate to an earlier date), and further represents and warrants that: (a) the execution and delivery of this Agreement does not contravene, result in a breach of, or constitute a default under, any deed of trust, loan agreement, indenture or other contract or agreement to which Borrower is a party or by which Borrower or any of its properties may be bound (nor would such execution and delivery constitute such a default with the passage of time or the giving of notice or both), and does not, to Borrower's actual knowledge, violate or contravene any law, order, decree, rule, regulation or restriction to which Borrower is subject; (b) this Agreement constitutes the legal, valid and binding obligation of Borrower enforceable in accordance with its terms; (c) the execution and delivery of, and performance under, this Agreement are within Borrower's power and authority without the joinder or consent of any other party and have been duly authorized by all requisite limited liability company action; and, (d) to Borrower's knowledge, there are no offsets, claims or defenses with respect to Borrower's obligations under any of the Loan Documents. Borrower further represents and warrants that there is no suit, judicial or administrative action, claim, investigation, inquiry, proceeding or demand pending (or, to Borrower's knowledge threatened) (i) against Borrower or (ii) which affects the validity, enforceability or priority of any of the Loan Documents. Borrower agrees to indemnify and hold the Lender harmless against any loss, claim, damage, liability or expense (including, without limitation, reasonable attorneys' fees actually incurred by outside counsel) incurred as a result of any representation or warranty when made by Borrower herein which proves to be untrue or inaccurate in any material respect, and any such occurrence shall constitute an Event of Default under the Loan Documents, subject to any applicable notice and cure periods in the Loan Documents.

4

**12.** **Guarantor's Representations and Warranties**. Guarantor hereby reaffirms, on behalf of itself, that all of its representations and warranties set forth in the Loan Documents are true and correct in all material respects on and as of the date hereof as if such representations and warranties had been made on and as of the date hereof (except to the extent that any such representations and warranties specifically relate to an earlier date), and further represents and warrants that: (a) its execution and delivery of this Agreement does not contravene, result in a breach of, or constitute a default under, any deed of trust, loan agreement, indenture or other contract or agreement to which such Guarantor is a party or by which such Guarantor may be bound (nor would such execution and delivery constitute such a default with the passage of time or the giving of notice or both), and does not, to such Guarantor's actual knowledge, violate or contravene any law, order, decree, rule, regulation or restriction to which such Guarantor is subject; (b) this Agreement constitutes the legal, valid and binding obligation of such Guarantor enforceable in accordance with its terms; (c) the execution and delivery of, and performance under, this Agreement are within such Guarantor's power and authority without the joinder or consent of any other party and have been duly authorized by all requisite limited liability company action; and, (d) to such Guarantor's knowledge, there are no offsets, claims or defenses with respect to such Guarantor's obligations under any of the Loan Documents. Guarantor further represents and warrants that there is no suit, judicial or administrative action, claim, investigation, inquiry, proceeding or demand pending (or, to Guarantor's knowledge threatened) (i) against such Guarantor with respect to the Property or (ii) which affects the validity, enforceability or priority of any of the Loan Documents. Guarantor agrees to indemnify and hold the Lender harmless against any loss, claim, damage, liability or expense (including, without limitation, reasonable attorneys' fees actually incurred by outside counsel) incurred as a result of any representation or warranty made by such Guarantor herein which proves to be untrue or inaccurate in any material respect, and any such occurrence shall constitute an Event of Default under the Loan Documents, subject to any applicable notice and cure periods in the Loan Documents.

**13.** **Release of Lender**. Borrower and Guarantor hereby release and discharge the Lender and its respective predecessors, successors, assigns, officers, managers, directors, shareholders, employees, agents, attorneys, authorized representatives, parent corporations, subsidiaries, and affiliates (all of the above are collectively referred to in this Section as a "Released Party") from any and all claims, counterclaims, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action of any nature whatsoever including, without limitation, all claims, demands, and causes of action for contribution and indemnity, whether arising at law or in equity (including, without limitation, claims of duress, usury and violation of any consumer protection or truth-in-lending laws or regulations such as the Equal Credit Opportunity Act), whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, and whether or not heretofore asserted, for or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damage, or breach of contract done, omitted or suffered to be done by any Released Party (insofar and only insofar as the same arise out of or relate to the Loan and/or the Loan Documents), which has occurred in whole or in part, or was initiated at any time up to and immediately preceding the moment of the execution of this Agreement.

**14.** **Renewal; Lien Continuation; No Novation**. Borrower and Guarantor hereby renew their respective Obligations under the Loan Documents to which each is a signatory and promises to pay and perform the Obligations under the Loan Documents to which each is a signatory as modified by this Agreement. All of the Liens are hereby ratified and confirmed as valid, subsisting and continuing to secure the Obligations, as modified hereby. Nothing herein

shall in any manner diminish, impair, waive or extinguish the Note, the Obligations or the Liens, nor shall this Agreement constitute a waiver by Lender of any existing or future default under the Loan, nor of any right, recourse or remedy under any of the Loan Documents. The execution and delivery of this Agreement shall not constitute a novation of the debt evidenced and secured by the Loan Documents.

      **15.**    **Expenses.** Borrower promises to pay all actual costs and reasonable expenses and reimburse the Lender for any and all actual costs and reasonable expenses incurred or expended from time to time, regardless of whether a default shall have occurred, in connection with the transactions contemplated by this Agreement and all other Loan Documents. If and to the extent Borrower does not reimburse the Lender for such fees and expenses, then all such amounts shall constitute a portion of the Obligations evidenced by the Note and secured by the Loan Documents.

      **16.**    **WAIVER OF JURY TRIAL**. **TO THE FULLEST EXTENT PERMITTED BY LAW, LENDER, BORROWER AND GUARANTOR KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHTS THEY MAY HAVE TO A TRIAL BY JURY BASED ON, ARISING OUT OF OR UNDER, OR IN CONNECTION WITH THIS AGREEMENT OR ANY OTHER LOAN DOCUMENT.**

      **17.**    **No Waiver of Performance**. **The failure or delay of the Lender to require performance by Borrower of any provision of this Agreement or any other Loan Document shall not affect its right to require performance of such provision in the future. No waiver of performance by Lender shall be effective against Lender unless and until such performance has been waived in writing by the Lender in accordance with the terms hereof.**

      **18.**    **Miscellaneous**. To the extent of any conflict between the other Loan Documents and this Agreement, this Agreement shall control. Unless specifically modified hereby, all terms of the Loan Documents remain in full force and effect. This Agreement: (a) shall bind and benefit the parties hereto and their respective beneficiaries, administrators, executors, receivers, trustees, successors and assigns; and (b) may be executed in several counterparts, and by the parties hereto on separate counterparts, and each counterpart, when executed and delivered, shall constitute an original agreement enforceable against all who signed it without production of or accounting for any other counterpart, and all separate counterparts shall constitute the same agreement.

      **19.**    **Governing Law**. This Agreement and any claim, controversy or dispute arising under or related to this Agreement shall be governed by and construed in accordance with the laws of the State of Maryland, without reference to conflicts of law principles.

      **20.**    **Consent to Jurisdiction**. Borrower and Guarantor irrevocably submit to jurisdiction of any state or federal court sitting in the State of Maryland over any suit, action, or proceeding arising out of or relating to this Agreement or any other Loan Documents. Borrower and each Guarantor irrevocably waive, to the fullest extent permitted by law, any objection that such party may now or hereafter have to the venue of any such suit, action or proceeding brought in any such court and any claim that any such suit, action, or proceeding brought in any such court has been brought in an inconvenient forum. Final judgment in any such court shall be conclusive and binding and may be enforced in any court in which such party is subject to jurisdiction by a suit upon such judgment provided that service of process is effected as provided herein or as otherwise permitted by applicable laws.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed in their respective names by duly authorized representatives as of the day and year first hereinabove written.

**WITNESS:**

**BORROWER:**

**POTOMAC CONSTRUCTION 1525 P STREET LLC,**
a District of Columbia limited liability company

Print Name:

By: _____ [SEAL]
Print Name: Matthew Shkor
Print Title: Manager

STATE OF _____ )
                                ) ss:
COUNTY OF _____ )

I, _Camille C. Latini_, a Notary Public in and for the aforesaid jurisdiction, do hereby certify that Matthew Shkor personally appeared before me in said jurisdiction and acknowledged that he is the Manager of Potomac Construction 1525 P Street LLC, a District of Columbia limited liability company; party to the foregoing instrument and that the same is his act and deed and the act and deed of Potomac Construction 1525 P Street LLC.

IN WITNESS WHEREOF, I have set my hand and Notarial Seal, this 29th day of _May_, 2020.

_____
Notary Public

(SEAL)

My Commission expires:
2·14·2022

CAMILLE C. LATINI
NOTARY PUBLIC
MY COMMISSION EXPIRES
2/14/2022
DISTRICT OF COLUMBIA

7

**WITNESS:**

Print Name:

**GUARANTOR:**

[SEAL]

MATTHEW SHKOR

STATE OF )
              ) ss:
COUNTY OF )

I, Camille C. Latini , a Notary Public in and for the aforesaid jurisdiction, do hereby certify that MATTHEW SHKOR, personally appeared before me in said jurisdiction and acknowledged that she is a party to the foregoing instrument; and that the foregoing instrument is his/her act and deed in his/her individual capacity.

IN WITNESS WHEREOF, I have set my hand and Notarial Seal, this 29th day of May , 2020.

Camille C. Latini
Notary Public

(SEAL)

My Commission expires:
2 · 14 · 2022

CAMILLE C. LATINI
NOTARY PUBLIC
MY
COMMISSION
EXPIRES
2/14/2022
DISTRICT OF COLUMBIA

8

**WITNESS:**                         **GUARANTOR:**

_____      _____ [SEAL]
Print Name:                          MATTHEW SHKOR

STATE OF                   )
                             ) ss:
COUNTY OF              )

I, _____, a Notary Public in and for the aforesaid jurisdiction, do hereby certify that MATTHEW SHKOR, personally appeared before me in said jurisdiction and acknowledged that she is a party to the foregoing instrument; and that the foregoing instrument is his/her act and deed in his/her individual capacity.

IN WITNESS WHEREOF, I have set my hand and Notarial Seal, this ____ day of _____, 2020.

_____
(SEAL)                       Notary Public

My Commission expires:

_____