## IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS A CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

## GUARANTY OF PAYMENT, PERFORMANCE AND COMPLETION

This GUARANTY OF PAYMENT, PERFORMANCE AND COMPLETION (the "**Guaranty**") is made as of the 14th day of December, 2018, by **MATTHEW SHKOR** (the "**Guarantor**") to and for the benefit of **CAPITAL BANK, N.A.** (the "**Lender**").

### R E C I T A L S:

A. Potomac Construction 1525 P Street LLC, a District of Columbia limited liability company (the "**Borrower**") is justly indebted unto Lender to secure repayment of a certain Deed of Trust Note executed by Borrower of even date herewith and made by Borrower payable to the order of Lender in the principal amount of Three Million One Hundred Sixty-One Thousand and No/100 Dollars ($3,161,000.00) (as the same may be amended, modified, supplemented, renewed or replaced from time to time, the "**Note**" and the loan evidenced by the Note may hereinafter be referred to as the "**Loan**"). The Note is issued pursuant to the terms of that certain Loan Agreement dated of even date herewith made by and between the Borrower and Lender (as the same may be amended, modified, supplemented or replaced from time to time, the "**Loan Agreement**") and is to be secured by a Credit Line Deed of Trust, Security Agreement and Fixture Filing (the "**Deed of Trust**"), of even date herewith from Borrower to certain trustees named therein for the benefit of the Lender, and other documents evidencing the transaction, all of even date herewith (the Note, the Deed of Trust and such other documents are collectively referred to herein as the "**Loan Documents**").

B. Lender is unwilling to make the Loan unless the Guarantor guarantees (i) the payment of principal and interest and any other amounts provided for in the Loan Documents, (ii) the performance by the Borrower of all of the covenants on its part to be performed and observed pursuant to the provisions of the Loan Documents, and (iii) the timely lien-free completion of the Construction (as defined in the Loan Agreement).

C. The Borrower has executed and delivered to Lender the Note, and the Guarantor desires to give such guaranty to the Lender in order to induce the Lender to make the Loan.

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Guarantor agrees as follows:

1. The foregoing recitals are incorporated herein as if fully set forth in this Paragraph 1.

2. The Guarantor unconditionally and absolutely, guarantees: (i) the full and timely payment of all amounts due under the terms of the Note and the other Loan Documents; (ii) the timely performance by the Borrower of all covenants, conditions and agreements set forth in the Loan Documents and (iii) the timely lien-free completion of the Construction (as defined in the Loan Agreement) in accordance with the Plans and Specifications (as defined in the Loan

Agreement) This Guaranty shall constitute a continuing guaranty covering the payment of all principal and interest and any late charges and other sums now due or hereafter incurred under the Note and the other Loan Documents, and shall be binding upon the Guarantor, their heirs, successors, and assigns, until the full amount due under the Note and the other Loan Documents is paid, and subject to Paragraph 13 hereof.

3. The Guarantor hereby subordinates any and all indebtedness of Borrower now or hereafter owed to Guarantor, or any party constituting Guarantor, to the indebtedness of Borrower to Lender, and agrees with Lender that neither Guarantor nor any party constituting Guarantor shall: (i) demand or accept any payment from Borrower at any time that there exists a default beyond applicable grace and cure periods, if any, under any of the Loan Documents; (ii) claim any offset or other reduction of Guarantor's obligations hereunder because of any such indebtedness(es); (iii) take any action to obtain any of the security described in and encumbered by the Loan Documents; or (iv) have any right of subrogation whatsoever with respect to the Note or other Loan Documents or to any monies due and unpaid thereon or any collateral securing the same, unless and until the Lender shall have received payment in full of all sums at any time secured by the Deed of Trust securing the Note and the other Loan Documents.

4. The Guarantor hereby consents and agrees that Lender may at any time, and from time to time, without notice to or further consent from the Guarantor, either with or without consideration, surrender any property or other security of any kind or nature whatsoever held by it or by any person, firm or borrower on its behalf or for its account, securing any indebtedness or liability hereby guaranteed; substitute for any collateral so held by it, other collateral of like kind, or of any kind; modify the terms of the Note or any other Loan Documents; extend or renew the Note for any period; grant releases, compromises and indulgences with respect to the Note or any other Loan Documents to any persons or entities now or hereafter liable thereunder or hereunder; release any Guarantor or endorser of the Note; take Borrower's bank accounts held with Lender; or take or fail to take any action of any type whatsoever. No such action which Lender shall take or fail to take in connection with the Note or other Loan Documents shall release the Guarantor's obligations hereunder, affect this Guaranty in any way, or afford the Guarantor any recourse against Lender. The provisions of this Guaranty shall extend and be applicable to all renewals, amendments, extensions, consolidations and modifications of or substitutions for the Note or other Loan Documents and any changes in the business of Borrower.

5. The Guarantor hereby waives and agrees not to assert or take advantage of: (a) any defense that may arise by reason of the incapacity, lack of authority, death, bankruptcy, insolvency or disability of the maker(s) of the Note or any other person or entity, or the failure of Lender to file or enforce a claim against the estate (either in administration, bankruptcy, or any other proceeding) of the maker(s) of the Note or any other person or entity; (b) any defense based upon an election of remedies by Lender which destroys or otherwise impairs any subrogation rights of the Guarantor or the right of the Guarantor to proceed against the maker(s) of the Note for reimbursement; (c) any defense based upon the failure of the Borrower or any other person or entity to take any action or refrain from action; (d) any duty on the part of Lender to disclose to the Guarantor any facts it may now or hereafter know; (e) acceptance or notice of acceptance of this Guaranty; (f) notice of presentment and demand for payment of any of the indebtedness or performance of any of the obligations hereby guaranteed; (g) protest and notice of dishonor or of default to the Guarantor or to any other party with respect to the indebtedness or performance of obligations hereby guaranteed; (h) the invalidity or unenforceability of the Note or any other Loan Documents; (i) any defense (other than payment) that the Guarantor may or might have relating to his undertakings, liabilities and obligations hereunder; or (j) any defense which may arise under the Equal Credit Opportunity Act, 11 U.S.C. §1691, et seq. All laws exempting real or personal

property from execution are hereby waived, and no benefit of exemption will be claimed under or by virtue of any exemption law in force or which hereafter may be passed. Without in any way limiting the foregoing, Guarantor hereby waives any act or omission (except acts and omissions in bad faith, gross negligence or willful misconduct) which may be deemed to change the scope of Guarantor's risk.

6. To Guarantor's actual knowledge, the execution, delivery, observance and performance of this Guaranty by Guarantor does not and will not conflict with or result in a breach of the terms or provisions of any existing rule, regulation or order of any court or governmental body or of any indenture, agreement or instrument to which the Guarantor is a party, or by which he is bound, or to which he is subject, or constitute a default thereunder.

7. This Guaranty is delivered in addition to all liens upon, and rights of setoff against the money, securities or other property of Guarantor now or hereinafter in the possession of or on deposit with Lender, whether held in a general or special account or deposit with Lender, or for safekeeping or otherwise, and every such lien or right of setoff may be exercised without demand upon or notice to Guarantor; no lien or right of setoff shall be deemed to have been waived by any act or conduct on the part of Lender, or by any neglect to exercise such right of setoff or to enforce such lien, or by any delay in so doing, and every right of setoff or lien is specifically waived or released by an instrument in writing executed by Lender.

8. At the option of Lender and with or without demand or notice all or any part of the aforesaid indebtedness, and all or any part of Guarantor's obligations hereunder shall become due and payable immediately, irrespective of any agreed maturity, upon the occurrence of one or more of the following events, subject to all applicable notice, grace and/or cure periods contained in the Loan Documents (each, an "**Event of Default**"): (a) failure of Borrower to perform any obligation under or the occurrence of any Event of Default under the Note and/or any of the other Loan Documents, which failure or default continues beyond any applicable notice and/or cure periods, if any; (b) Event of Default in the payment of any principal or interest of the indebtedness when due; (c) a material adverse change in the financial condition of the Borrower or Guarantor; (d) if any judgment creditor or lienor attempts to enforce its rights against the Security Property (as defined in the Deed of Trust) and the Borrower has not provided for insurance or other security against such enforcement reasonably satisfactory to the Lender; (e) the death of Guarantor or the voluntarily or involuntarily dissolution or termination of existence of Borrower or any entity Guarantor; provided, however, such Guarantor's death shall not result in acceleration of any obligation so long as: (i) if an executor is appointed to the estate, the executor advises Lender in writing within thirty (30) days that the estate will unconditionally assume all of such Guarantor's obligations under the Loan Documents or (ii) (x) within ninety (90) days after such Guarantor's death, a substitute guarantor satisfactory to Lender in its sole and absolute discretion assumes all liability of the deceased under the Loan Documents and executes and delivers to Lender all such documents and certificates as Lender may reasonably require to implement the assumption, and (y) if such deceased Guarantor was a constituent manager of Borrower, within ninety (90) days after the death, new management satisfactory to Lender in its sole and absolute discretion is substituted; (f) the default by Guarantor of any of the terms and conditions set forth herein after applicable notice and cure; (g) the appointment, pursuant to an order of a court of competent jurisdiction, of a trustee, receiver or liquidator of the Security Property or any part thereof, or of Borrower or Guarantor, or any termination or voluntary suspension of the transaction of business of Borrower or Guarantor, or any attachment, execution or other judicial seizure of all or any substantial portion of Borrower's or Guarantor's assets which attachment, execution or seizure is not discharged within sixty (60) days; (h) the Borrower or Guarantor shall file a voluntary case under any applicable bankruptcy, insolvency, debtor relief, or other similar law now or hereafter in

effect, or shall consent to the appointment of, or taking possession by a receiver, liquidator, assignee, trustee, custodian, sequestrator (or similar official) of the Borrower or Guarantor, or for any part of the Security Property, or any substantial part of the Borrower's or Guarantor's property, or shall make any general assignment for the benefit of Borrower's or Guarantor's creditors, or shall fail generally to pay Borrower's or Guarantor's debts as they become due, or shall take any action in furtherance of any of the foregoing; or (i) a court having jurisdiction shall enter a decree or order for relief in respect of the Borrower or Guarantor, in any involuntary case brought under any bankruptcy, insolvency, debtor relief, or similar law now or hereafter in effect, or Borrower or Guarantor shall consent to, or shall fail to oppose any such proceeding, or any such court shall enter a decree or order appointing a receiver, liquidator, assignee, custodian, trustee, sequestrator (or similar official) of the Borrower or Guarantor, or for any part of the Security Property or any substantial part of the Borrower's or Guarantor's property, or ordering the winding up or liquidation of the affairs of the Borrower or Guarantor, and such decree or order shall not be dismissed within sixty (60) days after the entry thereof.

9. Lender may without any notice whatsoever to anyone, sell, assign or transfer all of said indebtedness, obligations and liabilities of Borrower or any part thereof. In that event, each and every successive assignee, transferee or holder of all or any part of said indebtedness, obligation and liability shall have the right to enforce this Guaranty by suit or otherwise for its own benefit as fully as if such assignee, transferee or holder were herein by name specifically given such rights, powers, and benefits; provided, however, that Lender shall continue to have an unimpaired right to enforce this Guaranty for its benefit, as to so much of said indebtedness, obligations and liabilities that it has not sold, assigned or transferred.

10. **Confession of Judgment**. **Upon the occurrence of a default hereunder, Guarantor does hereby duly constitute and appoint Leonard A. Sloan, Esq., Thomas F. Murphy, Esq., Lindsay A. Thompson, Esq., or the Clerk of the Court, or any of them, as the true and lawful attorney-in-fact for Guarantor in its name, place and stead, to confess judgment against Guarantor, in favor of Lender in the amount of the unpaid principal balance of the Note together with any accrued and unpaid interest and late charges and reasonable attorneys' fees and costs, together with all other costs and expenses incurred or accrued and unpaid under the Loan Documents, to consent to jurisdiction and to acknowledge service of process necessary in such a confession, in such a confession, in the United States District Court for the District of Maryland and/or in the Circuit Court of any county of the State of Maryland or of Montgomery County, Maryland, to consent to jurisdiction and to acknowledge service of process necessary in such a confession, in the Circuit Court of Montgomery County, Maryland hereby ratifying and confirming the acts of said attorney-in-fact as if done by Guarantor. The authority and power to appear for and enter judgment against Guarantor shall not be exhausted by one or more exercises thereof or by any imperfect exercise thereof, and shall not be extinguished by any judgment entered pursuant thereto; such authority and power may be exercised on one or more occasions from time to time, in the same or different jurisdictions, as often as the Lender shall deem necessary or advisable.**

NOTICE: YOU ARE HEREBY NOTIFIED THAT THE LENDER MAY APPOINT A SUBSTITUTE ATTORNEY-IN-FACT WHO SHALL BE AUTHORIZED TO CONFESS JUDGMENT IN SUBSTITUTION FOR ANY OF THE FOREGOING NAMED PERSONS, BY RECORDING AN INSTRUMENT OF SUBSTITUTION IN THE APPROPRIATE CLERK'S OFFICE, WITHOUT FURTHER NOTICE TO THE GUARANTOR.

11. This is a guaranty of payment and performance, not merely of collection. The liability of the Guarantor under this Guaranty shall be direct and immediate and not conditional or contingent upon the pursuit of any remedies against the maker(s) of the Note or any other person or entity, or against securities or liens available to Lender, its successors, endorsees or assigns. Guarantor waives any right to require that an action be brought against the maker(s) of the Note or any other person or entity or to require that resort be had to any security or to any balance of any deposit account or credit on the books of Lender in favor of the maker(s) of the Note or any other person or entity prior to payment in full of the sums due pursuant to the Note and other Loan Documents.

12. All notices, requests, demands and other communications with respect hereto shall be in writing and shall be delivered by hand, sent prepaid by Federal Express (or a comparable overnight delivery service) or sent by email (with a confirmation copy sent by a reputable overnight delivery service) to the following addresses:

If to Guarantor, to:

Matthew Shkor
c/o Potomac Construction Group
1734 20th Street, N.W.,
Washington DC, 20009
Email: mattshkor@pcgofdc.com

with a copy to:

Potomac Law Group, PLLC
1300 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004
Attn: Reed P. Sexter, Esq.
Email: reeds@potomaclaw.com

If to the Lender:

CAPITAL BANK, N.A.
2275 Research Blvd, Suite 600
Rockville, MD 20850
Attn: Misha Panyutin, Vice President
Email: mpanyutin@capitalbankmd.com

with a copy to:

Friedlander Misler, PLLC
5335 Wisconsin Avenue, NW, Suite 600
Washington, DC 20015
Attn: Roger N. Simon, Esq.
Email: rsimon@dclawfirm.com

Any notice, request, demand or other communication delivered or sent in the manner aforesaid shall be deemed given or made (as the case may be) upon the earliest of (a) the date it is actually received, provided receipt is on a business day during normal working hours, (b) on the business day after the day on which it is delivered by hand or received via telecopier if the actual receipt

was on other than a business day during normal working hours, (c) on the business day after the day on which it is properly delivered by Federal Express (or a comparable overnight delivery service) return receipt requested, or (d) on the third (3rd) business day after the day on which it is deposited in the United States mail, certified mail, return receipt requested. Any party may change such party's address by notifying the other parties of the new address in any manner permitted by this paragraph.

13. This Guaranty may not be changed, or any of its provisions waived, except by written agreement signed by the owner or holder of the Note. This Guaranty shall be irrevocable and shall remain in full force and effect until all obligations guaranteed hereby have been performed, at which time this Guaranty shall become null and void. The liability of the Guarantor hereunder shall be reinstated and revived and the rights of the Lender shall continue if and to the extent that for any reason any payment by or on behalf of the Borrower or Guarantor is rescinded or must be otherwise restored by the Lender, whether as a result of any proceedings in bankruptcy or reorganization or otherwise, provided, however, that if the Lender chooses to contest any such matter at the request of the Guarantor, the Guarantor agrees to indemnify and hold the Lender harmless with respect to all costs (including, without limitation, reasonable attorneys' fees) of such litigation.

14. Guarantor hereby warrants and represents that as of the date hereof, there has been no material adverse change in its financial condition from that reflected in the financial statements previously submitted to Lender, and since the date of such statement the business, property and assets of such Guarantor have not been adversely affected in any material way. Guarantor shall deliver to the Lender: (i) each year on or before March 1, its/his financial statement prepared in accordance with standard accounting procedures applied on a consistent basis from year to year, together with verification of liquidity, all certified as true and correct by such Guarantor, (ii) within fifteen (15) days after the filing of same, a copy of its/his federal tax return and copies of all K-1s and schedules thereto, or a copy of its/his notification to extend the time within which to file its/his federal income tax return and all schedules thereto, provided that in the event of such extension, Guarantor provides Lender with a copy of the federal income tax return and all schedules thereto within fifteen (15) days of the filing of same with the Internal Revenue Service and (iii) promptly upon the Lender's request therefor, such other financial information regarding Guarantor, the Project (as defined in the Loan Agreement) and/or the Property as Lender may reasonably request from time to time. All financial statements shall be in such reasonable detail and shall be accompanied by such certificates of the Guarantor as required by Lender.

15. In the event this Guaranty is placed in the hands of an attorney for enforcement, whether suit be brought or not, Guarantor will reimburse the party seeking enforcement of all costs and expenses incurred, including, without limitation, reasonable attorneys' fees.

16. This Guaranty shall inure to the benefit of and may be enforced by Lender and each subsequent holder from time to time of the Note, and shall be binding upon and enforceable against the Guarantor and his successors and assigns.

17. All references made (a) in the neuter, masculine or feminine gender shall be deemed to have been made in all such genders, and (b) in the singular or plural number shall be deemed to have been made, respectively, in the plural or singular number as well.

18. The invalidity or unenforceability of any one or more provisions of this Guaranty shall not affect the validity or enforceability of the remaining provisions of this Guaranty. This

Guaranty shall be governed, construed and interpreted as to validity, enforcement and all other respects, in accordance with the laws of the State of Maryland.

19. This writing is intended by the parties as a final expression of this Guaranty and is also intended as a complete and exclusive statement of the terms of this agreement. No course of dealing or trade usage, and no parol evidence of any nature, shall be used to supplement or modify any terms or conditions set forth herein. There are no conditions to the full effectiveness of this Guaranty.

20. The Guarantor warrants to the Lender that it has adequate means to obtain from the Borrower on a continuing basis information concerning the financial condition of the Borrower and that it is not relying on the Lender to provide such information either now or in the future.

21. Each of the persons who has signed this Guaranty has unconditionally delivered it to the Lender, and failure to sign this or any other Guaranty by any other person shall not discharge the liability of any signer.

22. Guarantor hereby waives all errors and omissions in connection with Lender's administration of the Loan, except behavior which amounts to bad faith, willful misconduct or gross negligence.

23. This Guaranty represents the final agreement between Lender and Guarantor and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no oral agreements between the parties.

**24. Guarantor and Lender each irrevocably waive, to the maximum extent not prohibited by law, any right Guarantor or Lender may now or hereafter have to a trial by jury with respect to any litigation directly or indirectly arising out of or in connection with this Guaranty or any of the Loan Documents to which Guarantor is a party.**

**25. The failure or delay of the Lender to require performance by the Guarantor of any provision of this Guaranty or any other Loan Document shall not affect its right to require performance of such provision in the future. No waiver of performance by Lender shall be effective against Lender unless and until such performance has been waived in writing by the Lender in accordance with the terms hereof.**

25. This Guaranty may be executed for the convenience of the Guarantor in several counterparts, which are in all respects similar and each of which is to be deemed to complete in and of itself, and any one of which may be introduced in evidence or used for any other purpose without the production of the other counterparts thereof.

26. Guarantor and Lender each irrevocably submit to jurisdiction of any state or federal court sitting in the State of Maryland or the District of Columbia over any suit, action, or proceeding arising out of or relating to this Note or any other Loan Documents. Guarantor irrevocably waives, to the fullest extent permitted by law, any objection that the Guarantor may now or hereafter have to the venue of any such suit, action or proceeding brought in any such court and any claim that any such suit, action, or proceeding brought in any such court has been brought in an inconvenient forum. Final judgment in any such court shall be conclusive and binding and may be enforced in any court in which the Guarantor is subject to jurisdiction by a suit upon such judgment provided that service of process is effected as provided herein or as otherwise permitted by applicable laws.

27. This Guaranty is intended to be an instrument signed under seal.

**[SIGNATURE ON FOLLOWING PAGE]**

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the day and year first above written.

**WITNESS:**                                           **GUARANTOR:**

_____       _____
Print Name: Jeanelle Kelly                         MATTHEW SHKOR
[SEAL]

STATE OF District of Columbia )
                                             ) ss:
COUNTY OF                       )

I, Camille C. Latini, a Notary Public in and for the aforesaid jurisdiction, do hereby certify that MATTHEW SHKOR, personally appeared before me in said jurisdiction and acknowledged that he is a party to the foregoing instrument; and that the foregoing instrument is his act and deed in his individual capacity.

IN WITNESS WHEREOF, I have set my hand and Notarial Seal, this 4th day of Dec., 2018.

_____
Notary Public

(SEAL)

My Commission expires:
2·14·22

